| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 13-3434 |
| QUALTEQ INC., d/b/a/ VCT | ) | |
| NEW JERSEY, INC., *et al.,* | ) | |
| | ) | Appeal from: |
| Debtors. | ) | Bankruptcy Case No. 12-5861 |
| | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On July 2, 2013, Development Specialists, Inc. ("DSI"), solely in its capacity as liquidator, requested an order, pursuant to Federal Rule of Bankruptcy Procedure ("Rule") 8011, dismissing the pending appeal for the reasons outlined in its memorandum objecting to Goldstein & McClintock LLLP's ("G&M") motion to stay. (R. 16, Mot.) For the following reasons, the Court grants DSI's motion to dismiss.

## BACKGROUND

On May 8, 2013, Goldstein & McClintock LLLP filed an appeal disputing the United States Bankruptcy Court for the Northern District of Illinois' (the "Bankruptcy Court") order which granted the Chapter 11 trustee's Motion to Authorize Limited Waiver of Privilege (the "Waiver Order"). (R. 1.) G&M described the issue on appeal as follows:

> Whether the Bankruptcy Court erred in concluding that granting the [C]hapter 11 trustee's motion requesting authorization to execute a limited privileged waiver was in the best interests of the estate.

(R. 1 at 3.)

G&M is the former bankruptcy counsel for the debtors. DSI, as liquidator, has been conducting an investigation into G&M's conduct and the fees that G&M incurred. (Mot. at 1.)

In furtherance of that investigation, DSI's predecessor, Fred C. Caruso, waived the attorney-client privilege held by the debtors prior to his appointment as trustee for the debtors (the "Waiver").[1] (*Id*. at 1-2.) Mr. Caruso (the "Trustee") "concluded that the Waiver would facilitate an investigation of potential claims for disgorgement or other causes of action against the [G&M and others] that would maximize the value of the estates." (Mot. at 4.) The Trustee also concluded that the Waiver would assist with the U.S. Attorney's pending investigation into related matters as well. (*Id*.) The Trustee effectuated the Waiver by executing the Limited Waiver of Privilege, dated May 3, 2013. (*Id*.) The Limited Waiver stated in part:

> I, Fred C. Caruso . . . hereby waive, for all purposes, any privilege that exists in connection with communications, prior to my appointment as Chapter 11 trustee in the Cases, between and among any of the Debtors and any of their attorneys, professionals, officers, employees and directors and/or any other person acting on their behalf in any representative capacity whatsoever, including by not limited to the persons and other entities listed in **Exhibit 1** hereto.

(*Id*.)

On April 18, 2013 – before he effectuated the Waiver – the Trustee filed the Waiver Motion with the Bankruptcy Court to obtain its approval of the Waiver. On April 30, 2013, after hearing argument, including from G&M, the Bankruptcy Court granted the Waiver Motion. (*Id*. at 5.) The Bankruptcy Court then entered the Waiver Order that is the subject of G&M's appeal. The Waiver became effective on May 22, 2013. (*Id*. at 6.)

---

[1] According to DSI, Caruso was appointed trustee "amid (i) allegations of millions of dollars of pre-petition fraudulent transfers by the Debtors' present and former principals, (ii) a criminal referral to the U.S. Attorney for investigation of possible criminal misconduct by the Debtors' former principals [], and (iii) the Debtors' inability to confirm a consensual plan." (Mot. at 3.)

## ANALYSIS

DSI sets forth two arguments for dismissal: (1) G&M lacks sufficient standing to prosecute the pending appeal and (2) the appeal is moot. (Mot. at 6-10.) The Court need not address DSI's mootness arguments because G&M does not have sufficient standing to bring this appeal.

Notably, G&M only directly responds to DSI's mootness argument, not to its standing argument. In fact, G&M only asserts its purported basis for standing in a footnote. (Resp. at 5, n. 1.) This is problematic for two reasons. First, "a party can waive an argument by presenting it only in an undeveloped footnote." *Harmon v. Gordon*, 712 F.3d 1044, 1053 (7th Cir. 2013) (citing *Parker v. Franklin Cnty. Cmty. Sch. Corp.*, 667 F.3d 910, 924 (7th Cir. 2012); *Long v. Teachers' Ret. Sys. of Ill.*, 585 F.3d 344, 349 (7th Cir. 2009)). Second, G&M contends that it has standing under 11 U.S.C. § 1109(b), yet that statute does not address standing to bring an appeal. (Resp. at 5, n. 1.) Rather, that statute allows a party in interest to "raise and [] appear and be heard" in a Chapter 11 bankruptcy case. 11 U.S.C. § 1109(b); *see, e.g., In re Thorpe Insulation Co.*, 677 F.3d 869, 883-84 (9th Cir. 2012) (explaining the difference between bankruptcy standing, by citing in part to 11 U.S.C. § 1109(b), and appellate standing); *see also Greater SE Comm. Hosp. Foundation, Inc. v. Potter*, 586 F.3d 1, 6 (D.C. Cir. 2009) (stating that the language of 11 U.S.C. § 1109(b) governs proceedings only in bankruptcy court, and not appeals therefrom) (citing *In re Am. Ready Mix, Inc.*, 14 F.3d 1497, 1502 (10th Cir. 1994) ("Section 1109(b) says nothing about a party's standing to appeal."); *In re PWS Holding Corp.,* 228 F.3d 224, 248-49 (3d Cir. 2000) (§ 1109(b) "confers broad standing at the trial level" but "courts do not extend that provision to appellate standing")); *In re Assante,* No. 12–CV–5309, 2013 WL 787968, at *3 n. 7 (S.D.N.Y. Mar. 4, 2013) ("But merely being a party in interest is insufficient

to confer appellate standing in a bankruptcy appeal."). Significantly, G&M cites no authority demonstrating that 11 U.S.C. § 1109(b) permits it to file an appeal, rather than to intervene and participate in a Chapter 11 proceeding.

Moreover, "only those persons affected pecuniarily by a bankruptcy order have standing to appeal that order." *In re Ray*, 597 F.3d 87, 874 (7th Cir. 2010) (quotation omitted). Specifically, an entity "has standing to object to an order if [it] can demonstrate that the order diminishes [its] property, increases [its] burdens, or impairs [its] rights." (*Id*.) (citation omitted). Here, at most, in a footnote, G&M contends that it has an "'allowed' but unpaid claim against the bankruptcy estate (and is therefore both a creditor and a party in interest.)" (Resp. at 5, n. 1.) G&M provides no basis for this assertion, however, nor does it describe its purported "allowed but unpaid claim." Rather, the issue for appeal relates to whether the Trustee's waiver of privilege disadvantaged *the estates*. Any claim G&M has is separate from those of the estate and is insulated from the impact which the waiver may have had on the estates. Indeed, "it is undisputed that sufficient funds have been reserved to pay all attorneys' fees and expenses to which G&M may be entitled from the estates." (R. 23, Reply at 3.) In fact, G&M, in its brief response, does not dispute DSI's statements that it has reserved sufficient funds to pay all of G&M's fees. (*See, e.g.,* Mot. at 2, 6.) G&M, therefore, lacks a sufficient pecuniary interest to establish standing to appeal the Bankruptcy Court's Waiver Order.

**CONCLUSION**

The Court grants DSI's motion to dismiss and dismisses G&M's appeal for lack of

standing.

**DATED: September 3, 2013**

**ENTERED**

_____

**AMY J. ST. EVE**
**U.S. District Court Judge**